UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:   MICHAEL T. BIANCHI              :   CHAPTER 13
         Debtor(s)                    :
                                             :

         CHARLES J. DEHART, III          :
         STANDING CHAPTER 13 TRUSTEE    :
         Movant                       :
                                             :

         vs.                          :
                                           :

         MICHAEL T. BIANCHI              :
         Respondent(s)                :   CASE NO.   5-18-bk-01253


<u>TRUSTEE'S OBJECTION TO AMENDED CHAPTER 13 PLAN</u>

     AND NOW, this   24th   day of May, 2018, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

     1.   Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.   More specifically,

     Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

         a.   Plan payment calculation sum of Lines 34, 35, 36 45.

     2.   Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(2) in that the debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. Sec. 507.   PA Department of Revenue filed a priority claim that is not in the plan.

     3.   The Trustee avers that debtor(s)' plan is not feasible based upon the following:

         a.   Plan ambiguous:

           (1)   Payment
           (2)   Bayview provided for in Section 2.D, but if arrears, Bayview should be in Section 2.C.

     WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of debtor(s) plan.
b. Dismiss or convert debtor(s) case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/James K. Jones
Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 24th day of May, 2018, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Erik Mark Helbing, Esquire
1328 Second Avenue
Berwick, PA 18603

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee